UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA

v.

ANTHONY SIROTKA

**Order of Restitution**

21 Cr. 454-03 (CM)

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, James McMahon, Assistant United States Attorney, of counsel; the presentence investigation report; the defendant's conviction on Counts 1 through 5 of the Superseding Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

Anthony Sirotka, the defendant, shall pay restitution in a total amount of of $1,448,407 to the victims of the offenses charged in Counts 1, 3, and 5 pursuant to 18 U.S.C. §§ 3663 and 3663A, specifically the Shareholder Victims, which are the shareholders of FTE Networks, Inc. listed in Schedule A hereto other than Michael Palleschi, David Lethem, Anthony Sirotka, Daniel Moser and TLP Investments LLC. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

   A. **Joint and Several Liability**

Restitution is joint and several in full with defendants Michael Palleschi and David Lethem in *United States v. Palleschi, et al.*, 21 Cr. 454 (CM) and defendant Daniel Moser in *United States v. Moser*, 22 Cr. 523 (RA). The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered

2025.02.20

herein, or all victims have recovered their losses in full.

### B. Apportionment Among Victims

Restitution shall be paid to the victims on a pro rata basis based on the total number of restricted and unrestricted shares each Shareholder Victim owns so that each Shareholder Victim receives 1/18,569,575 of the amount of money available for distribution for each share the Shareholder Victim owns.

### 2. Schedule of Payments

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the following manner:

The total amount of restitution is due immediately; however, in the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The defendant will commence monthly installment payments of at least 15 percent of the defendant's gross income, payable on the first of each month, except that if the defendant serves a term of imprisonment, the required installment payments may be made through the Bureau of Prisons' Inmate Financial Responsibility Program, subject to 18 U.S.C. § 3664(n), during the period of imprisonment.

This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted.

### 3. Payment Instructions

The defendant shall make restitution payments by certified check, money order, or

online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

4. **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of: 1) any change of the defendant's name, residence, or mailing address; or 2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

5. **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6. **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of the Shareholder Victims, Schedule A hereto

shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

Dated: November 12, 2025
       New York, NY

12:25 pm